333 P.2d 943

**H. T. RINGWOOD, Plaintiff and Respondent,**

v.

**STATE of Utah, Department of Public Safety, Drivers' License Division, Defendant and Appellant.**

No. 8858.

Supreme Court of Utah.

Jan. 2, 1959.

E. R. Callister, Jr., Atty. Gen., Wallace B. Kelly, Asst. Atty. Gen., for appellant.

Gordon B. Christenson, Wm. D. Callister, Salt Lake City, for respondent.

CROCKETT, Justice.

Harold T. Ringwood seeks to compel reinstatement of his driver's license, which the defendant revoked. The revocation was based upon the 1957 statute[1] which provides for the chemical testing of the breath, blood, urine or saliva of persons arrested under suspicion of driving while intoxicated. The trial court ruled for the plaintiff, from which the defendant appeals. Affirmed.

The pertinent portions of the statute are:

"(a) Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine or saliva for the purpose of determining the alcoholic content of his blood,

"provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in an intoxicated condition * * *

"If such person has been placed under arrest and has thereafter been requested to submit to such chemical test and refuses * * *, the test shall not be given. In such event the department shall revoke, for one year, his license or permit to drive.

"Any person whose license has been * * * [so] revoked * * * shall have the right to file a petition within thirty days thereafter for a hearing * * * in the district court * * * it shall be its duty to set the matter for trial de novo * * * and thereupon to * * * examine into the facts * * * to determine whether the petitioner's license is subject to * * * revocation under the provisions of this act."

On November 23, 1957, at about 8:30 p. m., Officer Harry W. Patrick of the Salt Lake Police apprehended the plaintiff Ring-

---

1. Sec. 41–6–44.10, U.C.A.1953 Pocket Supp.

wood driving his automobile westward from the business district of Salt Lake City on Second South between Fifth, and Sixth West. Due to what he termed the erratic manner of plaintiff's driving, and observations of his condition after he stopped him, the officer suspected Mr. Ringwood of being intoxicated. He advised him that he was being arrested and that he would take him to the County Hospital for the purpose of taking a blood test. Mr. Ringwood insisted that he was not intoxicated and refused to go. He persisted in refusing all the way there, but Officer Patrick was equally persistent in ignoring his refusal and took him anyway. At the hospital he advised Mr. Ringwood that he must submit to a blood test, and that if he refused, the Drivers' License Division would revoke his license. He did and it did.

Setting aside for the moment the question as to whether the statute is valid, there is this question to consider: Was it complied with in the instant case? Focusing attention upon the words purporting to give the right of revocation, it is to be noted that the driver is deemed to give his consent to a chemical test of "* * * his breath, blood, urine *or* saliva * * *" The words being used in series, the only connective being the disjunctive "or," it applies to the whole series. Therefore the ordinary and usual meaning of the language would be that the subject is deemed to give

his consent to a test of some one of the designated substances, or of another, but not all of them. That is, of his breath, *or* of his blood, *or* of his urine, *or* of his saliva. The statute is susceptible of reasonable interpretation that it was so designed advisedly with the thought in mind that under some circumstances it might be impractical, or even dangerous, if it were mandatory that all persons so arrested give a test of a particular substance. For instance some persons are afflicted with hemophilia, or bleeding sickness. If bleeding is started, the blood does not clot and the subject is apt to bleed to death. Other circumstances may be conjectured in which it would be quite impractical to exact a urine test.

We remain aware of the requirements of our law that our statutes are to be given a liberal interpretation to effectuate their purposes.[2] That having been said, however, it must also be recognized that where a statute charges one with a duty or imposes a burden or a penalty, it must do so with sufficient clarity and definiteness that one of ordinary intelligence will understand what he is required to do. And in case of alternative choices, he can comply by selecting the one which is the least burdensome or least offensive to him.

It is realized that after considerable discussion about the blood test, the matter of a urine test was also mentioned, which

2. Secs. 68-3-2 and 76-1-2, U.C.A.1953.

290

Mr. Ringwood likewise refused. But the basic fact is that the officer confronted him with the choice that he must give his blood for the test, or his license would be revoked. This was not in accordance with the requirements of the statute and there was therefore no proper basis for revoking his license. Accordingly we are of the opinion that Mr. Ringwood is entitled to have his license reinstated, and the judgment of the trial court so ordering must be affirmed.

The above disposition of the case eliminates the necessity of considering the problems which exist relating to the constitutionality of the statute.

McDONOUGH, C. J., and WADE, and HENRIOD, JJ., concur.

WORTHEN, J., concurs in the result.