362 P.2d 750

Russell B. BEAN, Plaintiff and Appellant,

v.

STATE of Utah, DEPARTMENT OF PUBLIC SAFETY, DRIVERS' LICENSE DIVISION, Defendant and Respondent.

No. 9248.

Supreme Court of Utah.

June 13, 1961.

Bryant H. Croft, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., for respondent.

WADE, Chief Justice.

R. B. Bean, appellant herein, was involved in an accident in which he drove his car into a parked vehicle. The police officer called to investigate the accident upon observing that appellant's eyes were watery and bloodshot, that there emanated from his breath the aroma of alcohol, that his speech, uttered through a lacerated lip, was blurred and that there was a bottle of whiskey in the pocket of a coat in appellant's car, arrested him on suspicion of driving while intoxicated.

Appellant was then taken to the Salt Lake County Hospital where the officer requested appellant to submit to a blood test for the purpose of determining whether he was intoxicated. Appellant insisted he was not drunk and refused to take the blood test so, as provided in Section 41–6–44.10, U.C. A.1953 as amended by Laws of Utah 1959, Chapter 65, Section 1, a hearing was held to determine whether the refusal to submit to the test was without reasonable cause. The Department so found and revoked for one year appellant's license to drive. On appeal this decision was affirmed by the District Court. By his appeal to this court, appellant seeks to compel reinstatement of his license to drive.

It is appellant's contentions that the court erred in ordering the Department to revoke his license to drive for a period of one year because (1) since he was not given a choice of chemical tests, under the ruling of this court in Ringwood v. State [1] his license should not have been revoked, and (2) Section 41–6–44.10 violates Article 1, Section 12 of the Utah State Constitution.

First we will discuss appellant's contention that the facts in this case and that of Ringwood v. State are sufficiently similar so that our holding in that case is controlling unless the 1959 amendments indicate a legislative intent contrary to the construction of the provisions of this section by this court. The pertinent part of Section 41–6–44.10(a) as amended now reads:

"Any person operating a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood or urine for the purpose of determining the alcoholic content of his blood, provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving in an intoxicated condition and in accordance with the rules and regulations established by the department. If such person has been placed under arrest and has

1. Ringwood v. State, 8 Utah 2d 287, 333 P.2d 943, 944.

thereafter been requested to *submit to anyone of the above chemical tests and refuses to submit to such chemical test,* the test shall not be given. Upon receiving an affidavit from the arresting officer to the effect that such person has refused a chemical test the department shall notify such person of a hearing before the department within a period of twenty days. If at said hearing the department determines that the person was granted the right to submit to a chemical test * * * or if such person fails to appear before the department as required in said order, the department shall revoke, for one year, his license or permit to drive * * *" (Emphasis ours).

In Ringwood v. State this court said that since the statute provided that the driver was deemed to give his consent to a chemical test of " * * * his breath, blood, urine or saliva * * * The words being used in series, the * * * connective being the disjunctive 'or,' it applies to the whole series. Therefore the ordinary and usual meaning of the language would be that the subject is deemed to give his consent to a test of some one of the designated substances, or of another, but not all of them." We concluded that the driver being the one who would know which of the tests would be the least objectionable or burdensome could comply with the requirements of the statute by making a choice of the test to which he would submit.

 In the 1959 amendment the legislature while omitting the saliva test still used the disjunctive "or" as the connective in the remaining chemical tests. Therefore it is apparent that the legislature did not intend by its amendment to change our interpretation that this meant the subject was required to give his consent to some one but not all of the tests. The legislature, however, did in that portion of the statute requiring the subject after arrest to submit to the tests substitute the words "anyone of the above chemical tests" for the words "such chemical tests." The question thus arises as to whether the legislature intended to alter our interpretation that the choice of tests was to be made by the subject and not by the officer. We are of the opinion that such a conclusion is not required. The Ringwood case clearly indicated that the choice was that of the subject and the failure to allow such choice resulted in ordering the reinstatement of the revoked license. In neither the original statute nor in the amendment is it expressly stated that the accused shall choose which one of the tests he would take that requirement is supplied by our interpretation of the original statute. If the legislature had intended to change that interpretation it could easily have provided in clear and concise language that the

choice of the test to be given should devolve upon the officer. The words "anyone of the above chemical tests" can as reasonably mean that the legislature intended to strengthen our interpretation that only one of the chemical tests enumerated could be required to be taken and the refusal to take a chemical test could result in revocation of the driver's license. The amendment of 1959 added a provision that a hearing be granted by the Department to determine whether the refusal was reasonable before the license could be revoked. This provision was not included in the statute at the time the Ringwood case was decided. This appears to be the main purpose of the amendment.

Because the officer failed to give appellant his choice of tests, under our ruling in the Ringwood case, appellant is entitled to have his license reinstated. It is so ordered.

In view of our holding that the Ringwood case is controlling we will not consider the validity or constitutionality of a statute since it is not necessary to the determination of the case.[2]

Reversed. No costs allowed.

HENRIOD, CALLISTER and CROCKETT, JJ., concur.

McDONOUGH, J., does not participate.

2. See Salt Lake City v. Perkins, 9 Utah 2d 317, 343 P.2d 1106.