[Crim. No. 8813.   In Bank.   Dec. 23, 1965.]

In re WILLIAM J. DAUP on Habeas Corpus.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

William J. Daup, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci, Paul N. Halvonik and Edward P. O'Brien, Deputy Attorneys General, for Respondents.

PETERS, J.—This petition involves the same issue resolved today in *In re Estrada, ante,* page 740 [48 Cal.Rptr. 172, 408 P.2d 948]. The problem is whether, when a law providing punishment for a criminal act is amended so as to ameliorate the punishment after the act is committed but before the judgment of conviction has become final, does the law as it read when the act was committed or as amended apply? In the *Estrada* case, *supra,* it is held that the amended statute is applicable, and that *People* v. *Harmon,* 54 Cal.2d 9 [4 Cal.Rptr. 161, 351 P.2d 329], holding to the contrary should be disapproved.

The problem arises under the following circumstances. In June of 1963 petitioner escaped from a prison camp. In July of 1963 he was charged with violating section 4531 of the Penal Code. At that time the section provided: "Every prisoner committed to a State prison who escapes . . . is punishable by imprisonment in a State prison for a term of not less than one year. . . ." The possible maximum was life.

Effective as of September 20, 1963, before petitioner's trial or sentence, section 4531 was repealed, and its principles amended into section 4530. As then enacted subdivision (b) of section 4530 provided that an escape without force or violence "is punishable by imprisonment in the state prison for a term of not less than six months nor more than five years."

On November 26, 1963, several months after the effective date of the amendment, petitioner was sentenced to the state prison "for the term provided by law." His term was there-

after fixed at one year to life in accordance with repealed section 4531 of the Penal Code.

Thus, at the time of the escape the punishment was one year to life. At the time of sentence the punishment had been reduced to a minimum of six months and a maximum of not over five years.

Thus the problem is identical with the one discussed in *In re Estrada, supra,* and is controlled by that decision.

No question is presented as to whether the escape here involved was without force or violence. Section 4531 of the Penal Code, before its repeal and as it read at the time of the escape, made no distinction between escapes with and escapes without force or violence, providing simply a minimum term of one year for any type of escape. Petitioner was charged and convicted under that statute. When section 4531 was repealed in September 1963 and section 4530 was amended, the later section continued the old punishment for escapes, but provided the six-months-to-five-year penalty for escapes "without force or violence." Petitioner should have been sentenced under this amended statute, and the trial court should have determined whether this was or was not an escape without force or violence. Any difficulties presented by the failure of the trial court to make such a finding have been settled by a stipulation of counsel in behalf of petitioner and respondent "that the crime of escape for which Petitioner was sentenced on November 26, 1963, in the Superior Court of the State of California for the County of San Bernardino, was committed without force and violence." Petitioner, therefore, should have had his sentence fixed by the Adult Authority under the reduced sentence provided in the amended statute. He is not, however, entitled to be released from confinement unless or until the Adult Authority determines that he should be paroled and fixes the parole dates.

It is therefore ordered that the Adult Authority shall refix petitioner's sentence by imposing the penalty provided for violation of subdivision (b) of section 4530 of the Penal Code as amended in 1963. Since petitioner is not now entitled to his release in the absence of action by the Adult Authority, the writ should otherwise be denied. The order to show cause is discharged and the writ of habeas corpus is denied.

Traynor, C. J., Tobriner, J., and Peek, J., concurred.

BURKE, J.—I dissent for the reasons stated in the dissent-

ing opinion in *In re Estrada, ante,* page 740 [48 Cal.Rptr. 172, 408 P.2d 948].

McComb, J., and Schauer, J.,* concurred.

Respondent's petition for a rehearing was denied January 19, 1966. Mosk, J., did not participate therein. McComb, J., Burke, J., and Schauer, J.,* were of the opinion that the petition should be granted.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.