[Crim. No. 9708.   In Bank.   Apr. 21, 1966.]

In re JAMES FRANCIS CORCORAN on Habeas Corpus.

_____

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

**Assigned by the Chairman of the Judicial Council.

448

James Francis Corcoran, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Edward A. Hinz, Jr., Deputy Attorneys General, for Respondent.

PETERS, J.—The problem presented by this petition is controlled by our recent decisions in *In re Estrada,* 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], and in *In re Daup,* 63 Cal.2d 754 [48 Cal.Rptr. 181, 408 P.2d 957]. It was there held that the 1963 amendments to Penal Code sections 4530 and 3044 and the repeal of section 4531 of that code must be held applicable to any case not reduced to final judgment at the time of their passage. The admitted facts of the present case bring it within the ambit of these cases, and the Attorney General so concedes.

On July 22, 1957, petitioner pleaded guilty to a charge of first degree robbery and was sentenced to the term prescribed by law for that offense. Thereafter he was convicted of escape from a penal institution in violation of Penal Code section 4531 and on May 9, 1963, sentenced for the term prescribed by law for that offense, such sentence to run consecutively to the prior robbery sentence. Petitioner appealed. The judgment was affirmed on March 31, 1964.

At the time petitioner committed and was sentenced for the escape, section 4531 provided that "Every prisoner committed to a State prison who escapes . . . is punishable by imprisonment in a State prison for a term of not less than one year. . . ." The maximum was therefore life imprisonment. (Pen. Code, § 671.) The term of imprisonment must commence from the time the prisoner would otherwise have been discharged from prison. (Pen. Code, § 4531.) Section 3044 of the Penal Code provided that no person convicted of an escape "may be paroled until he has served at least two calendar

years from and after the date of his return to the prison after such conviction.'' At that time no distinction was made by these statutes between escapes committed with and those committed without force or violence.

The escape here involved was admittedly without force or violence. As to such escapes the 1963 amendments reduced the punishment in three respects. The term of imprisonment was reduced from a minimum of one year and a maximum of life, to a minimum of six months and a maximum of five years. The requirement that parole cannot be granted until at least two years after the escapee's return to prison was eliminated. The requirement that the escape term run consecutively with any prior uncompleted term was also eliminated.

The *Estrada* case, *supra*, 63 Cal.2d 740, 744, established that these amendatory statutes which lessened the punishment were applicable to all cases not reduced to final judgment at the time of their passage. Petitioner's appeal was pending when these amendments became effective, so that he is entitled to their mitigating benefits. The Attorney General so concedes. He states that the Department of Corrections has corrected its records to show that the term prescribed by law on the escape charge is six months to five years. ■ The amendment to section 3044 of the Penal Code requiring the escapee to serve at least two years after his return to prison on the escape charge before he is eligible for parole is not applicable to the facts of the instant case because petitioner has now served more than two years after his return on the escape charge. But there is another factor involved. The trial court made the sentence on the escape charge consecutive to that on the prior robbery charge, apparently in the belief it was required to do so under the then existing law. Petitioner, in this respect, is entitled to the benefits of the amendatory statute which now leaves to the discretion of the sentencing judge whether the sentences shall run consecutively or concurrently, and the case must be returned to the trial court for that purpose.

This conclusion is not affected by the fact that the Attorney General has informed us that the Adult Authority has fixed petitioner's sentence on the robbery charge at eight years and for the escape at two years thereafter. Thus the terms were fixed to run consecutively. The petitioner was paroled early in March 1966. Obviously, the length of that parole may be affected by whether the sentences are to be concurrent or consecutive. Until that fact is determined we cannot determine

whether or when petitioner is entitled to be released from the restraints of parole.

The writ is granted and the District Court of Appeal is directed to recall its remittitur in *People* v. *Corcoran,* 3 Crim. 3472, to vacate its judgment, and to reverse the judgment of the Superior Court of Tehama County for the sole purpose of permitting the trial judge to determine in his discretion whether the sentences shall be consecutive or concurrent.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Burke, J., and White, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.