[Crim. No. 9353.   In Bank.   Apr. 21, 1966.]

In re WILLIAM E. RING on Habeas Corpus.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

William E. Ring, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Respondent.

PETERS, J.—This petition presents the same problem involved in our recent decisions in *In re Estrada*, 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], and in *In re Daup*, 63 Cal.2d 754 [48 Cal.Rptr. 181, 408 P.2d 957]. It was held in those cases that limited retroactive effect should be given to the 1963 amendments to the Penal Code mitigating the punishment for escapes committed without force or violence.

As in the case of *In re Corcoran* (*ante*, p. 447 [50 Cal. Rptr. 529, 413 P.2d 129]), this day decided, the Attorney General concedes that the amendments in question are applicable to the facts of this case. Those facts are that petitioner on April 9, 1959, was sentenced for the term prescribed by law, after his conviction for robbery, found to be of the second degree. In April of 1961, without force or violence, he escaped from the Murietta Conservation Camp where he had been confined. He was apprehended in Wisconsin and brought back to this state. Here, in the Superior Court of Monterey County, he pleaded guilty to a charge of escape in violation of Penal Code section 4531, and on February 10, 1964, was sentenced to imprisonment for the term prescribed by law, such term to run consecutively with any prior uncompleted sentence. The judge made the sentences consecutive with some reluctance, stating to petitioner at the time of sentence: "The crime for which you stand convicted, to-wit, escape from California prison, in violation of Section 4531, the Court hereby sentences you to the California Correctional Facility, Training Facility, Soledad, California, to serve your sentence, and in as much as it is mandatory and the Court regrets it, but your sentence will run consecutively to any and all terms that you may now be serving down there and will add one year to your sentence. I would like the new section to apply, but I am just afraid it doesn't."[1]

As pointed out in *In re Corcoran, supra* (*ante*, p. 447), in September of 1963, after the escape but before the judgment

---

[1]Apparently the judge was impressed by the fact that petitioner, after his escape, had endeavored to reform and start a new life. During the approximate three years that he was free he had gone to Racine, Wisconsin, started a business, married, had a child, and purchased a home.

for escape became final, the punishment for escapes without force or violence was reduced in three respects. The term of imprisonment was reduced from imprisonment from one year to life to imprisonment from six months to five years; the requirements that parole cannot be granted to an escapee until at least two years after his return to prison, and that the escape sentence run consecutively with any prior incompleted sentence, were eliminated. (Stats. 1963, ch. 1784, pp. 3565-3566, §§ 1-3, repealing Pen. Code, § 4531 and amending Pen. Code, §§ 4530 and 3044.)

Although the Attorney General concedes that petitioner is entitled to the benefit of these amendments he does not state that the records of the Department of Corrections have been corrected to show that the minimum term is six months and the maximum is five years. Thus the writ must issue to direct the Department of Corrections and the Adult Authority to fix petitioner's sentence as provided in the amended statute and to determine his eligibility for parole in accordance with the amendments.

As pointed out in *In re Corcoran, supra* (*ante,* p. 447), petitioner is also entitled to the benefit of the trial court's discretion in determining whether the escape term should be concurrent or consecutive. While the trial court here at the time of sentencing evidently desired to make the escape sentence concurrent but felt compelled to make it consecutive, we think the interests of the People and of petitioner will best be served if the trial court exercises its discretion for that purpose. The case will have to be returned to the trial court so that it can exercise this discretion.

The other contentions made by petitioner attacking his several convictions are without merit. The charge that the dismissal of his appeal from the robbery conviction was due to the failure of the appellate court to grant his requests for transcripts and for counsel is refuted by the records of the appellate court. They show that the transcripts were provided, and that petitioner never requested the appellate court to appoint counsel, and never furnished the appellate court with the information required before such an appointment can be made. Moreover, the judgment was entered on April 9, 1959. The motion to recall the remittitur was not filed until July 30, 1965. Petitioner has not explained his lack of diligence in prosecuting the appeal. This disposes of all other issues raised in regard to the robbery conviction. The contentions in regard to the sufficiency of the evidence, and to the introduction of

confessions before proof of the corpus delicti, should have been raised on appeal. They cannot be raised on habeas corpus, absent special circumstances not here involved. (*In re Shipp,* 62 Cal.2d 547, 552 [43 Cal.Rptr. 3, 399 P.2d 571]; *In re Dixon,* 41 Cal.2d 756, 759 [264 P.2d 513].) The contentions in reference to the claimed illegal search and seizure cannot properly be raised on this collateral attack. (*In re Sterling,* 63 Cal.2d 486, 488 [47 Cal.Rptr. 205, 407 P.2d 5].)

Petitioner's contentions, other than those already considered, in reference to the escape charge are clearly without merit. The claim that he intended to plead guilty only to escape in violation of the amended statutes is not only refuted by the record but is now moot. Petitioner supports his contention that he was told by his trial counsel that he could not plead not guilty or not guilty by reason of insanity by an allegation that his counsel asked him how he could be not guilty when he admitted being out of prison for three years, getting married and starting a business. This advice certainly did not amount to a statement that he had no right to enter such pleas. Finally, he contends that he was denied transcripts of the proceedings relating to the escape charge, but no transcripts had to be provided since he pleaded guilty and did not appeal.

The writ is granted; the Department of Corrections and the Adult Authority are directed to correct petitioner's records as provided in the amended statutes; the judgment of the trial court in *People* v. *Ring, Monterey County No. 56589,* is reversed and the trial court is directed to determine whether the escape term shall run concurrently or consecutively, to enter judgment accordingly and the Adult Authority is then directed to determine petitioner's eligibility for parole in accordance with the corrected records and judgment.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Burke, J., and White, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.