[Crim. No. 9742.   In Bank.   May 25, 1966.]

In re CHARLES EDWARD FALK, JR., on Habeas Corpus.

Charles Edward Falk, Jr., in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John T. Murphy, Deputy Attorneys General, for Respondent.

PETERS, J.—Petitioner claims that he is being held in confinement in violation of the rules laid down by this court in *In re Estrada*, 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], and in *In re Daup*, 63 Cal.2d 754 [48 Cal.Rptr. 181, 408 P.2d 957]. The petition should be denied.

The facts are not in dispute. Petitioner, after a plea of guilty to armed robbery, was sentenced to the state prison in 1962. On August 11, 1963, he escaped, without force or violence. He pleaded guilty to the escape and was sentenced to prison for the term prescribed by law, such sentence to run consecutively with any prior sentence.

At the time of escape, Penal Code section 4530 provided for imprisonment for at least one year, with the term to start from the time the prisoner otherwise would be discharged. Penal

Code section 3044 then provided that a person convicted of escape could not be paroled until he had served at least two years after his return to prison following such conviction. Effective in September 1963, section 4530 was amended to reduce the penalty to a term of not less than six months or more than five years where the escape (as here) was without force or violence. (Pen. Code, § 4530, subd. (b).) Parole eligibility was also mitigated.

Petitioner appealed from the escape judgment. The gist of his appeal was that "the term of imprisonment should be based on Section 4530 as amended and not as it existed when he escaped." The appellate court affirmed because the judgment "merely sentenced . . . [petitioner] for the term prescribed by law, without reference to the specific limits of time provided in Section 4530 before or after the 1963 amendment." (*People* v. *Falk*, nonpublished opinion, District Court of Appeal, 4 Crim. 2104, October 19, 1965; petition for rehearing denied November 9, 1965; no petition for hearing filed in this court; remittitur issued December 20, 1965.)

Petitioner now asserts that he is being held under the statutes as they read before September of 1963, and that he is entitled to the ameliorating provisions of the statutes as amended in 1963. There can be no doubt that he is correct in contending that he is entitled to the ameliorating provisions of the amended statute. (*In re Estrada, supra,* 63 Cal.2d 740; *In re Daup, supra,* 63 Cal.2d 754.) The Attorney General so concedes. But it is not clear that he is, in fact, being held under the old statutes. He was simply sentenced for the "term prescribed by law" which could refer to either the old or amended law. It is reasonable to assume that the Department of Corrections and the Adult Authority are holding him under the proper statutes. But, out of an abundance of caution, to be sure that petitioner is afforded all the legal rights to which he is entitled, the attention of the Department of Corrections and the Adult Authority is called to the fact that petitioner is entitled to have his sentence fixed according to the terms of the amended statute, and to have his eligibility for parole determined accordingly.

This, however, does not entirely dispose of the problems here involved. As already indicated, the sentence for the escape was made to run consecutively to any prior sentence. At the time of the escape in August of 1963 the imposition of a consecutive sentence was mandatory. Under the amended statutes the trial court has discretion to make the escape sentence

consecutive or concurrent. If the record were silent on this point, the case would have to be returned to the trial court to permit it to exercise the discretion now conferred upon it. But the record is not silent. It demonstrates that at the time of sentence the trial court was aware that it had discretion to make the sentence concurrent or consecutive, and consciously and deliberately chose to make the sentence consecutive. Thus, discretion was in fact exercised.

At the time of sentence the trial court first appointed counsel for petitioner, and then ascertained whether the plea of guilty had been freely and voluntarily made. Then the court inquired concerning the desires of petitioner and his counsel about the pronouncement of judgment. Counsel for petitioner responded that petitioner requested that sentence be immediately pronounced because he was in need of an operation and wanted to get back to the state prison for treatment as soon as possible. The trial court pointed out that this escape was not accompanied with force or violence, and inquired, in view of this fact, whether a probation report should not be secured before sentence was imposed. Counsel for petitioner responded that this had been discussed at length and that petitioner fully realized that if the sentence were to be imposed without a probation report the sentence imposed would probably be consecutive, but that, against counsel's advice, petitioner was adamant in requesting that sentence be immediately imposed. Counsel suggested that the court interrogate petitioner on this point. The court did so, and told petitioner that it preferred not to proceed until it received a probation report. The petitioner stated that he understood, but that he would like to waive the right to such a report. The court then pointed out to petitioner that, since the escape was without force or violence, he might be entitled to a concurrent sentence if the report were favorable. The petitioner stated that he realized that fact. Counsel stated that in view of the waiver all that could be urged was that the escape was without force or violence and that, under the law as amended in 1963, the trial court had discretion as to whether the sentence should be consecutive or concurrent. The prosecuting attorney then pointed out (that because there was no probation report) there was nothing before the court upon which it could exercise its discretion, and that in view of that fact, the prosecution asked that the sentence be made consecutive. The court then imposed sentence ''for the term prescribed by law,'' found that the

escape did not involve force or violence, and ordered the escape sentence to be consecutive with any prior sentence.

Thus, the record demonstrates that the court was aware of the fact that it had discretion to make the escape sentence either concurrent or consecutive and consciously exercised that discretion, in view of the record, to make the sentence consecutive. Petitioner knew that without a probation report there would be little in the record to support a determination that the sentences should be concurrent, and that without such a report (which the attorney and the trial court thought should be had) the probabilities were that the court would make the sentence consecutive. Nevertheless, petitioner waived the preparation and presentation of such a report. Thus, the trial court did exercise its discretion. No necessity exists for returning this case to the trial court to have it exercise that discretion again.

The order to show cause is discharged, and the petition for a writ of habeas corpus is denied.

Traynor, C. J., McComb, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.