[Crim. No. 11501.  In Bank.  Nov. 14, 1967.]

In re JACK STEWART FINK on Habeas Corpus.

Jack Stewart Fink, in pro. per., and Philip P. Marskey, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, and Doris H. Maier, Assistant Attorney General, for Respondent.

PETERS, J.—On June 7, 1961, petitioner, without force or violence, escaped from the Ice Springs Conservation Camp. He was apprehended three days later. On June 30, 1961, he pleaded guilty to a charge of violating former section 4531 of the Penal Code. Before judgment and sentence, petitioner escaped from the county jail. He was thereafter apprehended and detained by federal authorities for a violation of the Dyer Act. Upon his release from the Federal Prison at Leavenworth, petitioner was delivered to the California authorities. On December 22, 1964, judgment of conviction was at last entered against him on his 1961 plea of guilty. The judgment was for violation of section 4531, and the sentence was that provided by law, the term to run concurrently with any other term petitioner had not completely served. Petitioner was never charged with the second escape. He is now serving terms pursuant to other convictions, and concedes that, whatever the decision in this case, he is not entitled to release.

At the time of the guilty plea section 4531 provided that the penalty for escape was a minimum of one year and a maximum of life. In September of 1963 the Legislature repealed section 4531 and amended section 4530, providing in subdivision (b) of section 4530 that the penalty for escape without force or violence was a minimum of six months and a maximum of five years.

Petitioner seeks the reduced penalty prescribed by section 4530, subdivision (b). He asks that the judgment which purports to incarcerate him pursuant to section 4531 be corrected, and that the Adult Authority be instructed to correct its records as they affect the fixing of his sentence and eligibility for parole. Habeas corpus is a proper remedy to secure such relief. (*In re Estrada,* 63 Cal.2d 740, 750 [48 Cal.Rptr. 172, 408 P.2d 948].)

In the *Estrada* case, at page 742, it was held that when a statute mitigating punishment becomes effective after the commission of the prohibited act but before final judgment the lesser punishment provided by the new law should be imposed. This rule of law has been consistently followed. (*In re Daup,* 63 Cal.2d 754, 756 [48 Cal.Rptr. 181, 408 P.2d 957]; *In re Corcoran,* 64 Cal.2d 447, 449 [50 Cal. Rptr. 529, 413 P.2d 129]; *In re Ring,* 64 Cal.2d 450, 452 [50 Cal.Rptr. 530, 413 P.2d 130]; *In re Falk,* 64 Cal.2d 684, 685 [51 Cal.Rptr. 279, 414 P.2d 407].)

The Attorney General seeks to avoid the application of

this rule by pointing out that here the offender's own wrongful acts (the second escape and federal incarceration) extended the pending prosecution past the effective date of the new law, and contends that the rule should not apply in such a situation.[1] It is true that in none of the cited cases did the offender delay the imposition of sentence by a second escape. But that fact is immaterial. It ignores the basic rationale of the rule announced in the *Estrada* case. It was there stated (p. 745): "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." The controlling consideration is not that petitioner may receive a lesser sentence due to his second escape but that he suffer the punishment deemed appropriate by the Legislature, no more and no less.

So far as punishment for the 1961 escape is concerned, it is immaterial that defendant has not been charged with the second escape. That offense cannot be used to increase the punishment for the first escape. If he is to be punished for the second offense it can only be after a trial following the institution of proper proceedings. The defendant cannot be punished more severely for the first escape simply because he was not charged with the second. The controlling principle is that he can only be punished for the first escape in accordance with the law in existence when judgment was imposed.

It is ordered that the Adult Authority fix petitioner's sentence as provided in section 4530 of the Penal Code and determine his eligibility for parole accordingly. Inasmuch as petitioner is not now entitled to his release, the writ is denied and the order to show cause is discharged.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[1] The Attorney General also argues that the judgment should be corrected to require that the sentence for escape run consecutively to other sentences rather than concurrently. Former section 4531 required that the sentence run consecutively, but section 4530 leaves this matter to the discretion of the court. As it is clear that sentencing under section 4531 was improper, this argument is without merit.