[Civ. No. 924.   Fifth Dist.   June 7, 1968.]

FRANK HALE BENNETT, as Director, etc., Plaintiff and Appellant, v. RAYMOND PROCUNIER et al., Defendants and Respondents.

Frank Hale Bennett, in pro. per., for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Peter G. DeMauro, Deputy Attorneys General, for Defendants and Respondents.

CONLEY, P. J.—This appeal tests the question whether the time spent by a defendant in a diagnostic facility of the Department of Corrections prior to judgment must be credited to the defendant on his sentence. Frank Hale Bennett

petitioned the Superior Court of Kern County for a writ of mandate ordering the prison officials to give credit on the sentence of the defendant for the 90 days spent by him pursuant to court order in the diagnostic facility at Chino State Prison from January 6, 1965, through April 6, 1965. He had been convicted of a felony in the Superior Court of Riverside County. Before sentence, he was ordered to the diagnostic center pursuant to section 1203.03 of the Penal Code. The purpose of this provision is to inform the trial judge before sentence of facts helpful to him in deciding whether probation is merited or what sentence is justified; it is generally considered advantageous to the person convicted. Upon the expiration of the 90-day period, he was returned to the Superior Court of Riverside County and was then sentenced to prison for the period prescribed by law for the crime as to which he had been convicted. This sentencing took place on April 9, 1965. At that time the judgment was final, there being no appeal. ■ The judgment was complete and final prior to the amendment of section 1203.03, subdivision (f) of the Penal Code, which became effective on September 17, 1965. After amendment, that subdivision of the Penal Code section read as follows: ''Time spent by a defendant in confinement in a diagnostic facility of the Department of Corrections pursuant to this section shall be credited on the term of imprisonment in state prison, if any, to which defendant is sentenced in the case.''

Section 3 of the Penal Code provides that ''No part of it [the code] is retroactive, unless expressly so declared.''

The amendment to the section does not, expressly or otherwise, provide that the new rule is retroactive, or that it applies to sentencing which has become final prior to the enactment of the amendment. In fact, the final words of the new provision, inferentially at least by the use of the present tense of the verb, provide that the change in the rule is prospective. Reference is made to the term of imprisonment in state prison, if any, to which the defendant *''is sentenced''* in the case; there is nothing retroactive in the form of expression thus employed by the Legislature.

■ If the sentence received by Bennett had not become final before the enactment of the new provision he would have been entitled to a credit of 90 days on his sentence. This conclusion is supported by a group of habeas corpus cases recently decided by the Supreme Court: *In re Estrada,* 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948]; *In re Daup,* 63

Cal.2d 754 [48 Cal.Rptr. 181, 408 P.2d 957]; *In re Griffin,* 63 Cal.2d 757 [48 Cal.Rptr. 183, 408 P.2d 959]; and *In re Kirk,* 63 Cal.2d 761 [48 Cal.Rptr. 486, 408 P.2d 962]. Those cases hold that if a judgment has not become final before a reduction by the Legislature of the penalty for the crime involved, the sentencing court is bound by the specification of the lesser penalty and must act accordingly. In the opinion in *In re Daup,* 63 Cal.2d 754, 755 [48 Cal.Rptr. 181, 408 P.2d 957], it is said: "This petition involves the same issue resolved today in *In re Estrada, ante,* page 740 [48 Cal.Rptr. 172, 408 P.2d 948]. The problem is whether, when a law providing punishment for a criminal act is amended so as to ameliorate the punishment after the act is committed *but before the judgment of conviction has become final,* does the law as it read when the act was committed or as amended apply? In the *Estrada* case, *supra,* it is held that the amended statute is applicable, and that *People* v. *Harmon,* 54 Cal.2d 9 [4 Cal.Rptr. 161, 351 P.2d 329], holding to the contrary should be disapproved." (Italics added.)

The foregoing rule is expressly limited to situations in which the judgment has not become final before the enactment of the new legislation. Here, the judgment was final before the amendment, and the petitioner is bound by law as it existed at that time. The trial court was right in denying any modification of the judgment.

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.