490 P.2d 334

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Paul D. TAPP, Defendant and Appellant.**

**No. 12214.**

Supreme Court of Utah.

Nov. 2, 1971.

Gerald Kinghorn, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Defendant appeals from his conviction of possession of marijuana upon a trial to the District Court of Weber County. The complaint was filed January 18, 1969, charging the commission of the offense on the previous day, January 17. The various proceedings in the case, including the disposition of certain motions prior to trial, culminated over a year later in the defendant being found guilty upon the trial held on May 26, 1970. On June 22, 1970, he was sentenced to an indeterminate term in the State Prison for not less than five years, the statutory penalty in effect at the time of the commission of the offense.

Meanwhile, the 1969 Legislature, in S.L. U.1969, Ch. 170, § 13, amended Sec. 58–13a–44, U.C.A.1953, reducing the penalty for that offense to a maximum of six months in the county jail. This statute became effective May 13, 1969, and thus before the trial and judgment.

Defendant contends that he was entitled to the benefit of the lesser statutory penalty in effect at the time of trial, judgment and sentence, rather than the more severe penalty which was in effect at the time the offense was committed.

In opposing that contention, the State places reliance on State v. Miller.[1] The defendant was convicted of issuing a check against insufficient funds and had been, on April 7, 1969, sentenced to the term then prescribed by law of not more than five years in the State Prison. Thereafter, on May 13, 1969, there became effective Chapter 239, § 11, S.L.U.1969 (codified as 76–20–11, U.C.A.1953), reducing the term to six months. On appeal to this court, the defendant claimed the benefit of the reduced penalty, which claim we rejected. The significant difference between that case and the instant one is that in the Miller case the trial and conviction had been completed prior to the effective date of the amended statute, and the judgment and sentence were imposed in accordance with the statutory penalty in effect at that time.

[1]. 24 Utah 2d 1, 464 P.2d 844.

By way of contrast with the Miller case, and consistent with the conclusion we reach herein, the later case of Belt v. Turner [2] involved the same change of statute reducing the penalty as to fraudulent checks. The court held that the defendant was entitled to the benefit of the reduced penalty, pointing out that the statute had become effective before the sentence was imposed, and that

> * * * the judge followed the law in force and effect at that time.

But commented with respect to situations such as the Miller case that:

> As to those defendants who were sentenced prior to the amendment, the statute gives no aid.

■ There are several considerations which in our minds tend to support our conclusion that where an enactment reducing the penalty for an offense has become effective prior to the conviction, a defendant is entitled to the benefit thereof by having penalty imposed in accordance with the law at the time of the sentence.[3]

The first of these is that it is the prerogative of the legislature, expressing the will of the people, to fix the penalties for crimes; and the courts should give effect to the enactment and the effective date thereof as so declared.[4] There are some other fundamental principles engrained in our law which, though not directly controlling on the problem at hand, are generally in harmony with the policy considerations which lead to the conclusion we have reached herein. One of these is that to insist on the prior existing harsher penalty is a refusal to accept and keep abreast of the process which has been continuing over the years of ameliorating and modifying the treatment of antisocial behavior by changing the emphasis from vengeance and punishment to treatment and rehabilitation.[5] In the same tenor are the time-honored rules of the criminal law generally favorable to one accused of crime: that in case of doubt or uncertainty as to the degree of crime, he is entitled to the lesser; and correlated thereto: that as to an alternative between a severe or a lenient punishment, he is entitled to the latter.[6]

---

2. 25 Utah 2d 230, 479 P.2d 791, on rehearing, 25 Utah 2d 380, 483 P.2d 425.

3. For cases discussing this problem and ruling in accordance with our holding herein, see: In re Falk, 64 Cal.2d 684, 51 Cal.Rptr. 279, 414 P.2d 407 (1966); In re Ring, 64 Cal.2d 450, 50 Cal.Rptr. 530, 413 P.2d 130 (1966); In re Estrada, 63 Cal.2d 740, 48 Cal.Rptr. 172, 408 P.2d 948 (1965); In re Fink, 67 Cal.2d 692, 63 Cal.Rptr. 369, 433 P.2d

161 (1967); State v. Pardon, 272 N.C. 72, 157 S.E.2d 698; and Sec. 21 Am.Jur. 2d 543 and cases there cited.

4. State v. Mulcare, 189 Wash. 625, 66 P. 2d 360; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153.

5. See discussion in In re Estrada, footnote 3 above.

6. As we said in Ringwood v. State, 8 Utah 2d 287, 333 P.2d 943, in awareness of

We have reached our conclusion herein in awareness of Section 68–3–5, U.C.A. 1953:

> The repeal of a statute does not * * * affect any right which has accrued, any duty imposed, *any penalty incurred,* or any action or proceeding commenced *under or by virtue of the statute repealed.* (Emphasis added.)

The only way that statute can apply to the problem here involved, as to the appropriate sentence for the offense, would be through its provision that "The repeal of a statute does not * * * affect * * * any penalty *incurred.* * * *" Inasmuch as *no penalty is incurred* until the defendant is convicted, judgment entered and sentence imposed, that statute does not affect the propriety of doing so in accordance with the law as it exists at that time.

■ Upon the basis of what we have said above, we reaffirm our adherence to the principle set forth in the Miller and Belt cases referred to above: In the former: that if a statute reducing a penalty has not become effective until after the conviction and sentence, the sentence, imposed in accordance with the law in effect at the time thereof, should stand. In the latter: If the statute reducing the penalty has become effective before the sentence, as in this case, the defendant is entitled to the lesser penalty as provided by the law at the time of the judgment and sentence.

Defendant also assigns error in admitting in evidence the marijuana upon which the conviction is based. His contention is that the evidence was obtained by an "unreasonable search and seizure."[7] This is not the frequently confronted issue of a search without a warrant. It is not disputed that there was a duly issued search warrant, valid on its face. Defendant attempts to go behind that and attack the sufficiency of the affidavit upon which the warrant was predicated. As a basis for his belief that the illegal drug would be found on the premises, the affidavit of the police officer stated that an informer had purchased marijuana on several occasions from the defendant at the latter's residence and had turned it over to the police.

■ In regard to the sufficiency of the affidavit and the issuance of a search warrant thereon: it is not necessary that the affiant have certain knowledge of the

Secs. 68–3–2 and 76–1–2, U.C.A.1953, that a statute imposing a penalty must do so with clarity and definiteness and, " * * * in case of alternative choices, he [the defendant] can comply by selecting the one which is the least burdensome or least offensive to him"; see Sec. 77–31–5, U.C.A.1953; and also see O'Day v. People, 114 Colo. 373, 166 P.2d 789; Davis v. Riedman, N.D., 114 N.W.2d 881; cited in support of text at 21 Am.Jur.2d 544 that when penalty provision is susceptible of different interpretations defendant is entitled to most favorable.

7. Art I, Sec. 14, Utah Constitution; 77–54–3, U.C.A.1953; Amendment VI, U.S. Constitution.

commission of crime or of the location of evidence incident thereto. It is only required that there be sufficient knowledge of the probability thereof that a person of reason and prudence would act thereon.[8] When an affidavit setting forth such information is presented to a magistrate, it is his duty and prerogative to determine the sufficiency of the affidavit. In forming that judgment he is allowed considerable latitude of discretion, which should not be disturbed unless he was clearly in error, a circumstance which does not exist here.

The conviction is affirmed. The case is remanded for the imposition of sentence, which, in accordance with the views herein expressed, must not exceed six months in the county jail; and the defendant is to have credit on said sentence for any time he may have already served.

TUCKETT, and ELLETT, JJ., concur.

HENRIOD, Justice (dissenting).

I dissent, as I did in Belt v. Turner, 25 Utah 2d 230, 479 P.2d 791 (1971) and on the rehearing of that case, 25 Utah 2d 380, 483 P.2d 425 (1971) for reasons stated therein, and in doing so, make the following observations anent the majority opinion in the rehearing and by pointing up a bit of inconsistency enunciated in the main opinion of the instant case.

In Mr. Justice Ellett's opinion at the rehearing he quotes Vol. 21, Sec. 577, Am. Jur.2d, Criminal Law, which has to do with legislative power to prescribe penalties and is not germane to the issue in that or the instant case. That section has nothing to do with difference in penalty for an offense imposable *at the time of commission* and that which might exist *at time of sentence*.

Section 578 also is set forth verbatim in part. There is nothing in the quoted language stating anything about "time of sentencing." I respectfully suggest that "time of judgment" is not synonymous with such phrase, but may be with "time of conviction," which in both State v. Miller, 24 Utah 2d 1, 464 P.2d 844 (1970) and Belt v. Turner, supra, was, in my opinion, the "time each was found guilty" in the lower court. If this construction is not employed, the anomaly pointed out in my dissent to the effect that where Belt, who committed an identical offense, under an identical statute, at an identical time when an identical penalty applied to both him and Miller, the law and justice are prostituted to an overwhelming ridiculosity where Miller is committed to the gaol for upwards of *14 years* while Belt, who not only violated his parole, but committed a felony by fleeing the realm, must serve but six months in a county jail. Had Mr. Justice Ellett quoted some more of Section 578 of the above mentioned statute, to the effect that * * * "But where a statute

8. The facts sustain the validity of the warrant see Spinelli v. United States, 393 U.S. 410.

contains a saving clause providing that the act may not be construed to *affect any pending prosecution * * *.*" (emphasis added) the Section, in effect does not apply, it seems to me that the whole Section becomes flaccid and inapropos. This conclusion would become much more significant had he quoted verbatim Title 68–3–5, Utah Code Annotated 1953, which puts the lie to the entire substance of the Section and the main opinion when it says: "The repeal of a statute does not revive a statute previously repealed, or affect any right which has accrued, any duty imposed, any *penalty incurred, or any action or proceeding commenced under or by virtue* of the statute repealed." (Emphasis added.)

Mr. Justice Crockett, author of the main opinion, in saying that a defendant is entitled to the benefit of the penalty existing *at the time of sentence,* cites 21 Am.Jur.2d 543, Criminal Law in support thereof. A casual reading of that section will indicate that in no way does it support such a conclusion, and to cite it for such contention is inaccurate reporting. It says absolutely nothing as to what penalty is applicable, but simply states when a sentence shall begin to run,—the word "penalty" being a complete stranger to the referred-to text.

As to the inconsistency of the main opinion to which I adverted above, the author there clearly indicates that because there were different dates of sentence Miller was subject to a felony with incarceration in State Prison for upwards of 14 years,

for doing the same thing, at the same time, under the same statute, with the same penalty, for the same guilt, while Belt was subject to only six months. This philosophy sanctions such discrimination under the illogical, unreasonable platitude and guise that "time of sentence,"—not guilt or "time of incarceration,"—is of the essence.

In the next breath, the main opinion inconsistently philosophizes as follows:

 * * * There are some other fundamental principles engrained in our law which, though not directly controlling on the problem at hand, are generally in harmony with the policy considerations which lead to the conclusion we have reached herein. One of these is that to insist on the prior existing harsher penalty is a refusal to accept and keep abreast of the process which has been continuing over the years of ameliorating and modifying the treatment of anti-social behavior by changing the emphasis from vengeance and punishment to treatment and rehabilitation. In the same tenor are the time-honored rules of the criminal law generally favorable to one accused of crime: that in case of doubt or uncertainty as to the degree of crime, he is entitled to the lesser; and correlated thereto: that as to an alternative between a severe or a lenient punishment, he is entitled to the latter.

If what is said in the above makes for logic, reason, justice and for good sense, why is it that to insist on the prior, harsh-

er penalty. is. a refusal to keep abreast of a continuing policy to ameliorate treatment. of antisocial behavior by changing vengeance to rehabilitation,—as to Belt, but not as to Miller under identical facts,—particularly when the facts indicate that Belt, the bolter, appears to be more antisocial than Miller, the meek? Under the inconsistencies of the main opinion, the more "antisociable" you are, the more "rehabilitatable" you are if the date of sentence is changed by the legislature, and the more antisocial person can depart to parts unknown until that magic "effective date" for sentence has arrived and passed. If what is said by the main opinion has any degree of profundity why should not the time-honored rules of criminal law, in case of doubt or uncertainty as to degree of crime, be as favorable to Miller as to Belt, entitling him also to the lesser six months instead of the greater 14 years?

The main opinion speaks of justice to a class, but it denies it to some of the individuals in that class. According to the philosophy in this instance, where the law of the case apparently encompasses two facets that are irreconcilably duplicitous, and although I think Miller should be the law, my suggestion is that the main opinion in turn should suggest turning that facet toward the sun that represents compassion, rehabilitation, benefit of lesser penalties, and the like and in doing so, beam its ray at the prison door, melt the lock and

give the benefit of a lesser penalty passed by the legislature to anyone behind that door who has been subjected to a greater penalty,—no matter when the offense was committed or the sentence imposed,—else consistency, thou art not a jewel.

CALLISTER, C. J., concurs in the dissenting opinion of HENRIOD, J.