Jerry **CARTER**, Petitioner–Appellant,

v.

**G.J. GIURBINO, Warden, Respondent–Appellee.**

No. 02–56538.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Filed Oct. 5, 2004.

---

* The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Jerry Sies, Los Angeles, CA, for the petitioner-appellant.

**1196**

Steven E. Mercer, Deputy Attorney General for the State of California, Los Angeles, CA, for the respondent-appellee.

Before: THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

SILVERMAN, Circuit Judge:

The California Supreme Court issued a postcard denial of appellant Jerry Carter's petition for writ of habeas corpus, citing only *In re Lindley*, 29 Cal.2d 709, 177 P.2d 918 (1947). *Lindley* stands for the California rule that a claim of insufficiency of evidence can only be considered on direct appeal, not in habeas proceedings. In denying a federal petition for writ of habeas corpus, the district court held that the *Lindley* rule is an independent and adequate state procedural bar and that appellant had procedurally defaulted his sufficiency of evidence claims by failing to pursue them to conclusion on direct appeal. We agree and affirm.

**I. Background**

In 1999, Carter was convicted in the state of California of six counts of robbery and one count of carjacking and sentenced to 167 years to life.

Although Carter raised one sufficiency of the evidence claim to the California Court of Appeal on direct appeal, he failed to raise any sufficiency of the evidence claims when he petitioned the California Supreme Court for review. After Carter's direct appeal was concluded, he then filed a petition for writ of habeas corpus with the California Supreme Court asserting that there was insufficient evidence to support all seven of his convictions. The California Supreme Court denied the petition, issuing the following order:

Petition for writ of habeas corpus is DENIED. (See *In re Lindley* (1947) 29 Cal.2d 709, 177 P.2d 918.)

Carter filed a timely federal habeas petition alleging that there was insufficient evidence to support all seven convictions. The district court denied the petition, ruling that, by virtue of *Lindley*, Carter procedurally defaulted all of his sufficiency of the evidence claims by failing to raise them to the California Supreme Court on direct appeal. Citing to *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir.1986), the district court said that a citation to *Lindley* by the California Supreme Court references the state procedural rule that sufficiency of the evidence will not be considered on state habeas review. The district court held that *Lindley* is an independent and adequate state ground on which procedural default can be based. The district court further held that Carter failed to assert grounds to establish either cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default.

**II. Jurisdiction and Standard of Review**

We have jurisdiction pursuant to 28 U.S.C. § 2253 and review de novo the district court's holding that Carter's sufficiency of the evidence claims are procedurally barred by an independent and adequate state ground. *Cockett v. Ray*, 333 F.3d 938, 941 (9th Cir.2003).

**III. Discussion**

■ Before seeking federal habeas relief, a state prisoner must fairly present all of his claims to the highest state court to provide that court with an opportunity to rule on the merits of the federal claims. *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). If a petitioner procedurally defaults his federal

claims in state court by operation of a state rule that is independent of federal law and adequate to support the judgment, federal habeas review of the claims is barred unless the prisoner can demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The issue in this case is whether the rule in *Lindley* is an independent and adequate ground to support a procedural default finding. In 1947, the California Supreme Court held in *Lindley* that it will not consider the merits of sufficiency of the evidence claims in state habeas corpus petitions. Rather, the claims must be raised on direct appeal. *Lindley*, 29 Cal.2d at 721–24, 177 P.2d at 926–27. A petitioner who fails to exhaust sufficiency of evidence claims in his direct appeal and raises them instead in a subsequent state habeas petition has procedurally defaulted those claims as a matter of California law.

■■■■ A state ground is independent and adequate only if the last state court to which the petitioner presented the claim "actually relied" on a state rule that was sufficient to justify the decision. *Valerio v. Crawford*, 306 F.3d 742, 773 (9th Cir.2002) (en banc), *cert. denied*, 538 U.S. 994, 123 S.Ct. 1788, 155 L.Ed.2d 695 (2003); *Koerner v. Grigas*, 328 F.3d 1039, 1049–50 (9th Cir.2003). Here, the California Supreme Court actually relied on *Lindley* when it denied Carter's claims. Indeed, *Lindley* is all that it cited. Carter argues that the ruling was ambiguous because the California Supreme Court failed to cite to a specific page of the *Lindley* decision. However, Carter raised only sufficiency of the evidence claims to the California Supreme Court in his state habeas corpus petition. The only holding of *Lindley* relevant to

Carter's state habeas petition is the procedural bar rule that sufficiency of the evidence cannot be raised in a state habeas petition. Thus, the citation to *Lindley* is not ambiguous. *Cf. Coleman*, 501 U.S. at 740, 111 S.Ct. 2546 (finding that the state decision fairly appeared to rest primarily on state law because the court granted the commonwealth's motion to dismiss, which was premised solely on procedural time requirements). Furthermore, we have held that "*Lindley* holds that the sufficiency of the evidence will not be reviewed on habeas." *Kim*, 799 F.2d at 1319. There is no ambiguity here.

### A. Independent state ground

■■■ A state ground is independent only if it is not interwoven with federal law. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir.), *cert. denied*, 540 U.S. 938, 124 S.Ct. 105, 157 L.Ed.2d 251 (2003). As we stated in *Bennett*,

> "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.'" *Park*, 202 F.3d at 1152 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)). "'[U]nless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court.'" *La Crosse*, 244 F.3d at 704 (citation omitted).

*Id.*

■■■ The *Lindley* rule is not intertwined with federal substantive or procedural law. California courts reject sufficiency of the evidence claims as non-cognizable habeas claims under *Lindley* solely as a matter of state law. *Lindley*, 29 Cal.2d at 721–24,

177 P.2d at 926–27. No analysis of federal law enters into the *Lindley* equation. Thus, *Lindley* is an independent state ground. *Cf. Bargas v. Burns,* 179 F.3d 1207, 1214 (9th Cir.1999) (holding that the state procedural default rule was an independent state ground because the court considered only whether the claim was raised or could have been raised in a prior habeas petition).

## B. Adequate state ground

A state rule is adequate if "firmly established and regularly followed" by the state court at the time of the petitioner's procedural default. *Lee v. Kemna,* 534 U.S. 362, 389, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002); *Hill v. Roe,* 321 F.3d 787, 790 (9th Cir.2003); *Valerio,* 306 F.3d at 776. The ultimate burden of proving adequacy is on the state. *Bennett,* 322 F.3d at 585–86. If the state adequately pleads an independent and adequate state procedural ground, the burden shifts to the petitioner to come forward with "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* at 586.

The state has met its burden. Carter does not argue or come forward with any evidence that the *Lindley* rule is not firmly established and regularly followed by the California courts. Thus, he has not met his burden of persuasion. In any event, the California courts have consistently applied *Lindley* since 1947. *See In re Adams,* 14 Cal.3d 629, 636, 122 Cal. Rptr. 73, 78, 536 P.2d 473, 478 (1975); *People v. Beghtel,* 164 Cal.App.2d 294, 330 P.2d 444, 446 (1958); *see also In re Ring,* 64 Cal.2d 450, 452, 50 Cal.Rptr. 530, 533, 413 P.2d 130, 133 (1966); *cf. In re Spears,* 157 Cal.App.3d 1203, 204 Cal.Rptr. 333, 337 (1984) (noting that although an insufficiency of the evidence claim is not a cognizable habeas claim, ineffective assistance of appellate counsel for failure to raise sufficiency of the evidence is a cognizable habeas claim). The *Lindley* rule, which has been "known and understood within reasonable operating limits" in California since 1947, *Wood v. Hall,* 130 F.3d 373, 377 (9th Cir.1997), is an adequate state ground to support the district court's procedural default ruling.

Carter argues that a citation to *Lindley* is indistinguishable from a citation to *In re Waltreus,* 62 Cal.2d 218, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965), which we held not to be a bar to federal court review. *Hill,* 321 F.3d at 789. *Waltreus* holds that issues actually raised and rejected on appeal cannot be raised anew in a state petition for writ of habeas corpus. *Waltreus,* 42 Cal. Rptr. 9, 397 P.2d at 1005. A *Waltreus* denial is neither a ruling of procedural default nor a ruling on the merits. *Waltreus* merely bars relitigation in state habeas proceedings of claims already litigated on direct appeal. *Hill,* 321 F.3d at 789; *Calderon v. United States Dist. Ct. (Bean),* 96 F.3d 1126, 1131 (9th Cir.1996). If the claim barred from relitigation by *Waltreus* has already been decided by the California Supreme Court, that claim is properly exhausted for federal habeas corpus review. Thus, a citation to *Waltreus* does not prevent federal habeas review. *Bean,* 96 F.3d at 1131. In contrast, a *Lindley* denial following the conclusion of a direct appeal *is* a procedural default ruling. *Lindley,* 177 P.2d at 926–27.

Because the California Supreme Court actually relied on *Lindley,* an independent and adequate state procedural bar, the district court correctly held that Carter's sufficiency of the evidence claims were procedurally defaulted.

AFFIRMED.