**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD L. ALLEY,<br><br>   Petitioner - Appellant,<br><br> v.<br><br> TOM L. CAREY,<br><br>   Respondent - Appellee. | No. 06-15175<br><br> D.C. No. CV-04-01934-MCE<br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

California state prisoner Richard L. Alley appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NC/Research

Alley contends that the district court erred by dismissing his petition as procedurally barred on a rule that is not adequately and independently grounded in state law. The district court correctly concluded that the state procedural rule requiring exhaustion of administrative remedies constitutes an adequate and independent ground to bar Alley from raising the claim in federal court. *See Wood v. Hall*, 130 F.3d 373, 376 (9th Cir. 1997) (defining adequacy, and noting that a rule is not rendered inadequate simply because the application of the rule requires the exercise of judicial discretion); *see also Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir. 2004) (defining independence).

Alley also contends that he has demonstrated cause and actual prejudice. The district court did not err by concluding that Alley failed to show cause to excuse his procedural default. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908-909 (9th Cir. 1986).

Alley further contends that the district court erred by failing to consider new and material evidence in support of his petition and denying his motion under Rule 60 of the Federal Rules of Civil Procedure. The record reflects that the district court did not abuse its discretion in denying the motion. *See Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).

**AFFIRMED.**