**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CODY S. BABB, | No. 05-35781 |
| Petitioner - Appellant, | D.C. No. CV-04-00093-RFC |
| v. | |
| STEVE BULLOCK, Attorney General of the State of Montana, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Montana state prisoner Cody S. Babb appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Babb contends that the district court erred by determining that his ineffective assistance of counsel claims were procedurally defaulted without first requiring the State to assert procedural default as an affirmative defense or offering Babb the opportunity to argue that the state procedural bar was insufficient to bar federal review. The record reflects that the district court correctly raised procedural default sua sponte, and followed the proper procedure for summary dismissal. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).

The district court also did not err in concluding that Babb's claims are procedurally defaulted. Here, the district court gave Babb an opportunity to demonstrate "a fundamental miscarriage of justice" or cause and prejudice sufficient to excuse his procedural default, and Babb failed to do so. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004) (noting that the petitioner had "failed to come forward with specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule") (internal citations and quotations omitted). Babb failed to address the adequacy of Mont. Code Ann. § 46-21-105(1)(b) - the state procedural rule cited by the Montana Supreme Court in dismissing Babb's second state petition. Rather, at its core, Babb's adequacy argument is an attack on the manner in which the

Montana Supreme Court applied a different state procedural rule when it considered and rejected Babb's first state petition. To the extent Babb challenges the Montana Supreme Court's application of state law, his claim is not cognizable in federal habeas proceedings. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also* 28 U.S.C. § 2254(a).

Babb's contention that the district court erred by denying his request for an evidentiary hearing lacks merit. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

We deny Babb's motion for judicial notice as unnecessary.

**AFFIRMED.**