**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE WARREN, | No. 10-15049 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-01285-JTM-CAB |
| v. | |
| DERRAL G. ADAMS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted June 17, 2011[**]
San Francisco, California

Before: SCHROEDER, RIPPLE,[***] and BEA, Circuit Judges.

Clarence Warren, a California state prisoner, appeals the district court's

denial of his petition for a writ of habeas corpus. Mr. Warren contends that (1) the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

state trial court violated his right to due process when it refused to specify the length of a continuance it would grant him to prepare for trial in the event that it later granted his motion for self-representation under Faretta v. California, 422 U.S. 806 (1975); (2) he was denied his right to a fair trial because there was insufficient evidence to support his conviction; and (3) his trial counsel's failure to challenge the pretrial identification procedure constituted ineffective assistance of counsel.  For the reasons that follow, we affirm the judgment of the district court.[1]

Mr. Warren filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of California.  The district court denied Mr. Warren's petition, concluding that, with respect to each of his claims, the state court's denial of the claim was neither "contrary to," nor "an unreasonable application of," clearly established Supreme Court law.  See 28 U.S.C. § 2254(d)(1).  The district court granted a certificate of appealability on the three claims he now brings to us.

We review a district court's denial of a petition for writ of habeas corpus de novo.  Musladin v. Lamarque, 555 F.3d 830, 835 (9th Cir. 2009).

---

[1]  Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

2

As the district court properly determined, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we may grant habeas relief if the last state court decision on the petitioner's claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). We also may grant habeas relief if the decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see Williams v. Taylor, 529 U.S. 362, 404-13 (2000); see also 28 U.S.C. § 2254(e)(1).

The assertion of a defendant's right to self-representation under Faretta "must be knowing and intelligent, timely and not for the purpose of delay, and unequivocal." Adams v. Carroll, 875 F.2d 1441, 1442 (9th Cir. 1989) (citations omitted). In reaching its conclusion that Mr. Warren "failed to articulately and unmistakably demand to proceed pro se," the California Court of Appeal reasonably applied Supreme Court precedent in light of California law. People v. Warren, No. F043278, 2004 WL 1485005, at *2 (Cal. Ct. App. July 2, 2004) (unpublished) (citing People v. Valdez, 82 P.3d 296, 317 (Cal. 2004)). The underlying factual determinations are supported adequately by the record.

3

Mr. Warren therefore has failed to establish that he is entitled to relief under § 2254 with respect to his Faretta claim.

The district court decided Mr. Warren's insufficiency of the evidence claim on the merits. We conclude, however, that this claim is procedurally defaulted because Mr. Warren did not raise it on direct appeal as required by California law. We are satisfied, moreover, that the state court relied on this adequate and independent ground. The Supreme Court of the United States has emphasized that "[a] State's procedural rules serve vital purposes at trial, on appeal, and on state collateral attack." Murray v. Carrier, 477 U.S. 478, 490 (1986) (emphasis added). The Supreme Court of California cited In re Lindley, 177 P.2d 918 (Cal. 1947) (in bank), in its denial of Mr. Warren's petition. We have recognized that a citation to Lindley, fairly read, stands for the firmly established procedural rule that a claim of insufficiency of the evidence must be brought on direct appeal--not in habeas proceedings. See Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir. 2004). In addition, we have held that the Lindley rule constitutes an independent and adequate state ground to support a judgment. See id. at 1197-98. Therefore, because Mr. Warren failed to show cause or prejudice for his failure to bring this claim on direct appeal, we are barred from considering it on federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Finally, we conclude that Mr. Warren's claim that trial counsel was ineffective based on the failure to challenge the field show-up is properly raised on appeal. A claim is fairly presented if the petitioner "present[s] the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971). Mr. Warren, proceeding pro se, asserted his ineffective assistance of counsel claim in his second petition for habeas corpus in the Supreme Court of California, as well as in the district court, on the basis of trial counsel's alleged failure to investigate fully all of the evidence regarding identification. On appeal to this court, assisted by counsel, Mr. Warren refines his argument, to include a more specific allegation regarding counsel's failure to challenge the pretrial identification procedures.

In order to prevail on the merits of his ineffective assistance of counsel claim, Mr. Warren must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness as required by the Sixth Amendment, and (2) counsel's deficient performance resulted in prejudice to him. See Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the Strickland prongs. See id. at 697.

5

We need not address Mr. Warren's contention that trial counsel's failure to challenge the field show-up constituted deficient conduct under the first prong of Strickland because he cannot establish the requisite prejudice. The prejudice prong requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. At trial, the prosecution presented evidence that a transmitter tracked Mr. Warren to the field where he attempted to evade police officers and was caught in close proximity to the money. In addition, the prosecution provided testimony that, after being brought into custody, Mr. Warren confessed to having committed the robbery. In light of all of the evidence presented at trial, Mr. Warren cannot establish that the outcome of the case would have been different had counsel challenged the pretrial identification procedure.

We agree with the district court that, with respect to each of these claims, the state court's denial of the claim was neither "contrary to," nor "an unreasonable application of," clearly established Supreme Court law. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**