**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN BARTHOLOMEW,

    Petitioner - Appellant,

  v.

J. W. HAVILAND,

    Respondent - Appellee.

No. 10-15142

D.C. No. 2:09-cv-01397-GEB-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted January 17, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Kevin Bartholomew appeals from the district court's dismissal of his

petition for a writ of habeas corpus. The district court dismissed the petition as

procedurally defaulted because the state court's dismissal rested on an adequate

and independent California state law ground. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Generally, a federal court will not consider on habeas review a claim that the state court resolved on adequate and independent state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989). The state procedural rule must be well-established and consistently applied. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). Here, because the California Supreme Court summarily affirmed the California Court of Appeal's ruling, this court looks to the California Court of Appeal's reasoning to determine whether the claims are procedurally barred. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The California Court of Appeal did not reach the merits of Bartholomew's due process claim because he had failed to exhaust his administrative remedies through the prison appeals process, and the court cited to California state cases as the basis for its decision. This exhaustion of administrative remedies requirement is well-established and consistently applied in California law, thus meeting the requirements for an adequate state ground. *See, e.g.*, *Abelleira v. Dist. Court of Appeal*, 17 Cal. 2d 280, 292-93 (1941). Because the rule does not involve any federal analysis, it is an independent state ground. *See Carter v. Giurbino*, 385 F.3d 1194, 1197-98 (9th Cir. 2004). Therefore, Bartholomew's claim is procedurally defaulted. Any arguments that Bartholomew did, in fact, exhaust his

2

administrative remedies, or that California did not properly apply its own procedures, are not appropriate for this court's consideration. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999).

A federal court may consider a procedurally-defaulted claim on habeas review if the petitioner demonstrates either "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Harris*, 489 U.S. at 262. Bartholomew does not argue and cannot demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.

Nor can Bartholomew establish actual prejudice resulting from any alleged violation of federal law. To succeed, Bartholomew must demonstrate errors that "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Correll v. Stewart*, 137 F.3d 1404, 1415 (9th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Nothing Bartholomew has alleged, if proven true, would rise to the level of actual prejudice.

Even if Bartholomew could prove he did not receive the "written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken," required by *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974), and

3

therefore did not bring a timely appeal of the credit forfeiture decision, his arguments do not suggest such an appeal would have been successful. Similarly, even if Bartholomew could prove he did not have the ability "to call witnesses and present documentary evidence in his defense," as is also required by *Wolff*, *id.* at 566, he has not indicated that any potential witnesses would have led to a different outcome, either in the disciplinary hearing or any subsequent proceedings. Finally, according to the Supreme Court, "[w]e think that the Constitution should not be read to impose the [confrontation] procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." *Id.* at 558. In any event, Bartholomew does not demonstrate how his failure to cross-examine the reporting employee prejudiced him.

Because the cause and prejudice exception allowing federal court review of a procedurally-defaulted habeas claim requires the presence of both elements, and Bartholomew did not allege actual prejudice, we do not reach the issue of cause.

**AFFIRMED.**