**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JARVELL DEANDRE SMART, | No. 09-15644 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00739-WBS-CMK |
| v. | |
| ANTHONY HEDGPETH; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted February 16, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Petitioner-appellant Jarvell Deandre Smart appeals the district court's denial

of his 28 U.S.C. § 2254 habeas petition challenging his California conviction for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

aiding and abetting two counts of assault with a firearm and one count of shooting at an occupied vehicle. We have jurisdiction, 28 U.S.C. § 2253, and we affirm.

Smart claims that there was insufficient evidence to support his conviction based on aiding and abetting liability. We review the California Court of Appeal's denial of this claim on the merits under the deferential standard of review set forth in 28 U.S.C. § 2254(d)(1). Although the California court cited only state law, the California standard for reviewing a sufficiency of the evidence claim is the same as the established federal constitutional standard, *see People v. Johnson*, 606 P.2d 738, 750 (Cal. 1980) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). Thus the rejection of Smart's identical state claim necessarily answered the federal constitutional question.

The state court's determination that there was sufficient evidence of aiding and abetting was not contrary to, or an unreasonable application of, established federal law. *See Jackson*, 443 U.S. at 319. We are satisfied from our review of the record that the evidence was sufficient for the jury to find that the violent attack was a joint endeavor.

Smart failed to exhaust his claim that there was insufficient evidence to support aiding and abetting liability because Sergio David Calhoun (the principal) was acting in self-defense. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir.

2

1999) ("The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis.").  Because California procedural rules would now bar consideration of this new sufficiency of the evidence claim, *see Carter v. Giurbino*, 385 F.3d 1194, 1196-97 (9th Cir. 2004) (citing *Ex parte Lindley*, 177 P.2d 918, 926-27 (Cal. 1947)), the claim is technically exhausted but deemed procedurally defaulted, *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 558 (2011).  Smart cannot overcome the procedural bar.  *See id.*

In any event, Smart's self-defense claim is unavailing.  The jury could reasonably conclude that Calhoun meant to shoot at the two victims, both unarmed bystanders, rather than returning the fire of others.

**AFFIRMED.**