NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVAN P. LUX,

　　　　Petitioner - Appellant,

　v.

COREY FHUERE, Superintendent, Oregon
State Penitentiary,

　　　　Respondent - Appellee.

No. 23-4019

D.C. No.
6:21-cv-00004-IM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 5, 2026
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

　　　Evan P. Lux appeals the district court's order denying his petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  Because the parties are familiar with

the facts, we do not recount them here.  We have jurisdiction pursuant to 28 U.S.C.

§§ 1291 and 2253.  We review de novo the denial of a petition for writ of habeas

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

corpus. *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). We review de novo the district court's dismissal of habeas claims on the ground that they "are procedurally barred by an independent and adequate state ground." *Carter v. Giurbino*, 385 F.3d 1194, 1196 (9th Cir. 2004). Here, we "look through" to the post-conviction trial court's opinion, which is "the last related state-court decision that . . . provide[s] a relevant rationale." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). We affirm the district court's order denying Lux's petition.

This court certified one issue for appeal: whether the district court erred in concluding that Lux's ineffective assistance of trial counsel claim was procedurally defaulted by an independent and adequate state ground. "Federal courts will not generally review a question of federal law decided by a state court if its decision rests on a state law ground that is independent of the federal question and adequate to support the judgment." *King v. LaMarque*, 464 F.3d 963, 965 (9th Cir. 2006). The "state rule must be clear, consistently applied, and well-established at the time of petitioner's purported default." *Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) (citation modified).

There are "exceptional cases" in which the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). Lux's case does not present such "exceptional" circumstances. First, the Superintendent bore his

burden of establishing that Oregon's pleading rule was "firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (citation modified); *see also Bowen v. Johnson*, 999 P.2d 1159, 1160 (Or. Ct. App. 2000), *rev. den.*, 10 P.3d 943 (Or. 2000). Second, the application of Oregon's pleading rule is not "exorbitant" in Lux's case. *See Lee*, 534 U.S. at 381–85. Accordingly, we conclude that Lux's ineffective assistance of trial counsel claim is procedurally defaulted by an adequate and independent state ground.

Lux requested that we expand the certificate of appealability and consider the uncertified issue—the merits of his ineffective assistance of counsel claim—if we were to conclude that he did not procedurally default his claim for relief. We decline to expand the certificate of appealability because the procedural default forecloses our review of the merits. 28 U.S.C. § 2254(d).

**AFFIRMED.**