O’ROURKE, J.,
Dissenting.- — I respectfully dissent. Reading the Criminal Justice Realignment Act of 2011 (the Realignment Act) in a plain, commonsense manner (see People v. Scott (2014) 58 Cal.4th 1415, 1421 [171 Cal.Rptr.3d 638, 324 P.3d 827]), the trial court erred by terminating Hugo Joseph Camp’s period of mandatory supervision and releasing him from serving the remainder of his suspended sentence. In reaching the contrary conclusion, the majority engages in an overly broad construction of the language of Penal Code[1] sections 1170, former subdivision (h)(5)(B)(i) (“The period of supervision shall be mandatory, and may not be earlier terminated except by court order.”) and 1203.2, subdivision (b)(1) (“Upon its own motion or upon the petition of the supervised person, the probation or parole officer, or the district attorney, the court may modify, revoke, or terminate supervision of the person pursuant to this subdivision, except that the court shall not terminate parole pursuant to this section.”). These provisions cannot reasonably be read as broad or unlimited grants of authority to terminate the mandatory supervision period. The majority also disregards the trial court’s limited power to act in the case of a previously imposed and suspended sentence under People v. Howard (1997) 16 Cal.4th 1081, 1088 [68 Cal.Rptr.2d 870, 946 P.2d 828] and section 1203.2, subdivision (c). (See People v. Scott, at pp. 1422-1424; People v. Kelly (2013) 215 Cal.App.4th 297, 302-303 [154 Cal.Rptr.3d 898].) In my view, the relevant statutes limit *477 termination of the mandatory supervision period to situations where either the defendant is rearrested for a probable violation of the terms and conditions of his supervision (§ 1203.2, subd. (a)), or when the court finds that termination is warranted based on a showing of the defendant’s “good conduct and reform.” (§ 1203.3, subd. (a)). Because neither circumstance was shown here, “[t]he period of supervision shall be mandatory . . . .” (§ 1170, former subd. (h)(5)(B)(i).)
As the majority points out, section 1170, former subdivision (h)(5)(B)(i) required that mandatory supervision revocation and modification proceedings be conducted under the procedures set forth in subdivisions (a) and (b) of sections 1203.2 and 1203.3. Section 1203.2, subdivision (a) authorizes the court to “revoke and terminate” a defendant’s period of mandatory supervision upon the defendant’s rearrest or issuance of a warrant for his or her rearrest, as long as the court has reason to believe the defendant has violated any of his or her mandatory supervision conditions and the interests of justice require. Under these circumstances, probation revocation procedures, including the relevant California Rules of Court, apply. (See People v. Rahbari (2014) 232 Cal.App.4th 185 [181 Cal.Rptr.3d 220]; Stats. 2012, ch. 43, § 30; see also Legis. Counsel’s Dig., Sen. Bill No. 1023 (2011-2012 Reg. Sess.) [“The bill would require the revocation or modification of mandatory supervision to be made pursuant to provisions of existing law providing for the revocation of probation . . . .”].) Thus, “upon revocation and suspension of execution of the judgment, the court lacks jurisdiction ‘to do anything other than order the execution of the previously imposed . . . sentence.’ ” (People v. Scott, supra, 58 Cal.4th at p. 1422; see People v. Howard, supra, 16 Cal.4th at pp. 1087-1088.)[2] “ ‘The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect . . . .’ ” *478 (People v. Howard, at p. 1087; see People v. Mora (2013) 214 Cal.App.4th 1477, 1482 [154 Cal.Rptr.3d 837]; Cal. Rules of Court, rule 4.435(b)(2) [“If the execution of sentence was previously suspended, the judge must order that the judgment previously pronounced be in full force and effect and that the defendant be committed to the custody of the Secretary of the Department of Corrections and Rehabilitation for the term prescribed in that judgment.”].) Nothing in this provision authorizes a trial court to terminate a defendant’s mandatory supervision and discharge or relieve him from serving the remainder of his sentence.
Subdivision (b) of section 1203.2 permits, upon motion of the court or other specified parties, modification, revocation, and termination of supervision, “pursuant to this subdivision.” (§ 1203.2, subd. (b)(1), italics added.) This provision merely authorizes the court or parties to initiate such proceedings by motion in accordance with specified procedural requirements.[3] This subdivision does not broadly authorize early termination of the period of mandatory supervision; it is conditioned on the defendant’s rearrest and the court’s reason to believe the defendant violated his or her supervision conditions.
Section 1203.3, subdivision (a) grants the court authority during the period of mandatory supervision to “revoke, modify, or change the conditions of the court’s order suspending the execution of the concluding portion of the supervised person’s term.” (Italics added.) This provision does not govern termination of the supervision period, which the Legislature knows how to expressly and separately address. In my view, the language used by the *479 Legislature limits revocation, modification or changes with regard to mandatory supervision to the supervised release terms and conditions, that is, those conditions either forbidding acts or requiring certain acts during the defendant’s period of mandatory supervision.
Subdivision (a) of section 1203.3 also provides that the court may terminate and discharge the person held on probation “when the good conduct and reform of the person so held on probation shall warrant it.” (§ 1203.3, subd. (a), italics added.) This clause, though it refers to persons on probation, applies under section 1170, former subdivision (h)(5)(B)(i) to mandatory supervision, which shall be done “in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation.”[4] Under section 1203.3 the trial court’s sole authority to terminate the period of mandatory supervision is on grounds of a defendant’s good conduct and reform, if the ends of justice are served. (§ 1203.3, subd. (a).)
The limitations on the trial court’s power to terminate mandatory supervision as I have described is reflected in the Legislature’s phrasing of section 1203.3, subdivision (b): “The exercise of the court’s authority in subdivision (a) to revoke, modify, or change probation or mandatory supervision, or to terminate probation, is subject to the following . . . .” (See § 1203.3, subd. (b)(1) [“Before any sentence or term or condition of probation or condition of mandatory supervision is modified . . . .” (italics added)]; id., subd. (b)(1)(A) [“If the sentence or term or condition of probation or the term or any condition of mandatory supervision is modified pursuant to this section . . . .” (italics added)].) The Legislature’s use of the terms “revoke, modify, or change” with respect to mandatory supervision, and the word “terminate” only with respect to probation, reflects that termination of the period of supervision is limited to the “good conduct and reform” grounds set out in section 1203.3, subdivision (a). The remainder of section 1203.3 merely sets out the manner in which the court is permitted to act, requiring, *480 “[b]efore any sentence or . . . condition of mandatory supervision is modified,” a hearing in open court with specified notice, and a statement of reasons. (§ 1203.3, subd. (b)(1).)
Here, Camp agreed to his split sentence including mandatory supervision as part of a plea. The People and the courts are bound to uphold the terms of a plea agreement, which is a form of contract. (Doe v. Harris (2013) 57 Cal.4th 64, 69 [158 Cal.Rptr.3d 290, 302 P.3d 598]; People v. Segura (2008) 44 Cal.4th 921, 930-931 [80 Cal.Rptr.3d 715, 188 P.3d 649]; People v. Blount (2009) 175 Cal.App.4th 992, 997 [96 Cal.Rptr.3d 684].) The court’s statutory authority to modify conditions of mandatory supervision in the exercise of its jurisdiction over Camp (§ 1203.3) cannot extend to modifying a material term of his plea. {Segura, at pp. 925, 936.) “ ' “Once the court has accepted the terms of the negotiated plea, ‘[it] lacks jurisdiction to alter the terms of [the] plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.’ ” ’ ” (Blount, at p. 997, quoting Segura, at p. 931.) Because it was impossible due to subsequent events for the plea agreement to be performed and the court could not effectuate the terms of the plea, the court was required to permit Camp to withdraw his plea. (See § 1192.5; People v. Jackson (1981) 121 Cal.App.3d 862, 869 [176 Cal.Rptr. 166]; People v. Pinon (1973) 35 Cal.App.3d 120, 125 [110 Cal.Rptr. 406].) The trial court has no discretion “to make its own ad hoc adjustment to fit what it perceives as equity and justice.” (In re Chamberlain (1978) 78 Cal.App.3d 712, 718 [144 Cal.Rptr. 326].)
If Camp declines to withdraw his plea, he would be out of compliance with his conditions of mandatory supervision, giving the court authority to revoke and terminate the period of mandatory supervision and order him to return to local custody for the concluding portion of his term. “ ‘The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect ....’” (People v. Howard, supra, 16 Cal.4th at p. 1087.)
For the foregoing reasons, I would reverse the order and remand the matter to give Camp an opportunity to withdraw his plea and absent that, for the court to order him to serve the remainder of his term in local custody.
Respondent’s petition for review by the Supreme Court was denied May 13, 2015, S224793. Corrigan, J., was of the opinion that the petition should be granted.

 Statutory references are to the Penal Code.

 The majority asserts that People v. Howard, supra, 16 Cal.4th 1081 is based on section 1203.2, subdivision (c), which they maintain has no application in the mandatory supervision context. The conclusion is contrary to the California Supreme Court’s recent decision in People v. Scott, supra, 58 Cal.4th at page 1424, in which the court acknowledged that the Legislature intended the term “sentenced” in the Realignment Act to be consistent with that subdivision. (See People v. Kelly, supra, 215 Cal.App.4th at pp. 305-306; People v. Montrose (2013) 220 Cal.App.4th 1242, 1248 [163 Cal.Rptr.3d 732] [Legislature did not see fit to change § 1203.2, subd. (c) of the Realignment Act when it amended the statute and it is deemed aware of existing laws at the time legislation is enacted].) Additionally, I disagree with the majority’s reading of the statute and its implementing rule of court (Cal. Rules of Court, rule 4.435(b)(2)). Section 1170, former subdivision (h)(5)(B)(i) specified how the court must conduct modification and revocation proceedings. Section 1203.2, subdivision (c) governs what happens after those revocation and termination proceedings have occurred, providing in part: “Upon any revocation and termination of probation . . . , if the judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect.” (See People v. Rahbari, supra, 232 Cal.App.4th at p. 192 [mandatory supervision imposed under § 1170, subd. (h) is akin to a state prison commitment].) Finally, the majority cites Howard for the proposition that a court has authority during the period of probation to reduce a previously imposed but suspended *478 sentence at any time prior to rearrest, but Howard makes clear that that authority is “subject to statutory restrictions.” (People v. Howard, 16 Cal.4th at p. 1092.)

 Subdivision (b)(1) of section 1203.2 continues: “The court in the county in which the person is supervised has jurisdiction to hear the motion or petition, or for those on parole, either the court in the county of supervision or the court in the county in which the alleged violation of supervision occurred. A person supervised on parole or postrelease community supervision pursuant to Section 3455 may not petition the court pursuant to this section for early release from supervision, and a petition under this section shall not be filed solely for the purpose of modifying parole. Nothing in this section shall prohibit the court in the county in which the person is supervised or in which the alleged violation of supervision occurred from modifying a person’s parole when acting on the court’s own motion or a petition to revoke parole. The court shall give notice of its motion, and the probation or parole officer or the district attorney shall give notice of his or her petition to the supervised person, his or her attorney of record, and the district attorney or the probation, or parole officer, as the case may be. The supervised person shall give notice of his or her petition to the probation or parole officer and notice of any motion or petition shall be given to the district attorney in all cases. The court shall refer its motion or the petition to the probation or parole officer. After the receipt of a written report from the probation or parole officer, the court shall read and consider the report and either its motion or the petition and may modify, revoke, or terminate the supervision of the supervised person upon the grounds set forth in subdivision (a) if the interests of justice so require.”

 More fully, section 1170, former subdivision (h)(5) provided: “The court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows: HQ (A) For a full term in custody as determined in accordance with the applicable sentencing law. HQ (B) HQ (i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court’s discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. . . . HD (ii) The portion of a defendant’s sentenced term during which time he or she is supervised by the county probation officer pursuant to this subparagraph shall be known as mandatory supervision.” Nothing in this language changes my conclusion as to the application of probation revocation procedures to persons on mandatory supervision. (See People v. Rahbari, supra, 232 Cal.App.4th at p. 193 [observing the Legislature amended the statute governing probation revocation to provide that its procedures also apply to mandatory supervision].)