Filed 7/13/16  P. v. Fagan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064799 |
| v. | (Super.Ct.No. FWV1001590) |
| BRETT JOSEPH FAGAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Brett Joseph Fagan, in pro. per., and Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Brett Joseph Fagan pled no contest to gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a),

count 1), evading an officer causing death (Veh. Code, § 2800.3, subd. (b), count 2), first degree burglary (Pen. Code, § 459, count 3), evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a), count 4), the unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a), count 5), vandalism over $400 (Pen. Code, § 594, subd. (b)(1), count 6), and four counts of receiving stolen property (Pen. Code, § 496, subd. (a), counts 7-10). He also admitted he had served two prior prison terms. (Pen. Code, § 667.5, subd. (b).) In accordance with the agreement, the court sentenced defendant to a total term of 20 years in state prison. He subsequently filed a petition for resentencing, pursuant to Penal Code section 1170.18 (Proposition 47). The court found him ineligible for relief and denied the petition. Defendant now appeals. We affirm.

PROCEDURAL BACKGROUND

Defendant was originally charged by information with murder (Pen. Code, § 187, subd. (a), count 1), evading an officer causing death (Veh. Code, § 2800.3, subd. (b), count 2), first degree burglary (Pen. Code, § 459, count 3), and evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a), count 4). It was also alleged that defendant had served two prior prison terms (Pen. Code, § 667.5, subd. (b)), one for a violation of Health and Safety Code section 11377, and one for a violation of Vehicle Code section 10851.

On March 2, 2012, the information was orally amended to change count 1 to a violation of Penal Code section 191.5, subdivision (a) (gross vehicular manslaughter while intoxicated), and to allege a new count for the unlawful taking or driving of a

2

vehicle (Veh. Code, § 10851, subd. (a), count 5), a new count for vandalism over $400 (Pen. Code, § 594, subd. (b)(1), count 6), and four new counts of receiving stolen property (Pen. Code, § 496, subd. (a), counts 7-10). Pursuant to a plea agreement defendant pled no contest to all of these counts and admitted the two prison priors. (Pen. Code, § 667.5, subd. (b).) The parties stipulated that the police reports provided a factual basis for the plea. The court sentenced defendant to a total state prison term of 20 years.

On August 14, 2012, the court held a restitution hearing. The parties stipulated to, and the court ordered $17, 629.50 to the estate of one of the victims, and $19,855.27 to another victim.

On May 12, 2015, defendant filed a petition for recall of sentence under Penal Code section 1170.18, alleging that his convictions in count 5 for unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)), and counts 7-10 for receiving stolen property (Pen. Code, § 496, subd. (a)) had been designated as misdemeanors under Penal Code section 1170.18, subdivision (f).

On May 20, 2015, defendant filed an addendum to his Penal Code section 1170.18 petition, alleging that the two prison priors he admitted—for unlawful possession of a controlled substance (Health & Saf. Code, §11377, subd. (a)) and the unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a))—were now considered misdemeanors under Proposition 47; thus, the enhancements should be stricken from his sentence.

The People filed an opposition to defendant's petition, arguing that Proposition 47 did not reduce a conviction for Vehicle Code section 10851, subdivision (a), to a misdemeanor.  The People further contended that such conviction concerned a 2004 BMW, which was valued over $950; thus, relief was precluded, in any event.  The People similarly contended that the Penal Code section 496, subdivision (a) convictions involved property exceeding $950.  In addition, the People argued that the Penal Code section 191.5 conviction in count 1 was a disqualifying prior conviction under Penal Code section 667, subdivision (e)(C)(iv), and also that resentencing under Proposition 47 did not affect the status of Penal Code section 667.5, subdivision (b) prison priors.  The People filed an addendum to add the argument that reducing counts 7 to 10 to misdemeanors would deprive the People of the "benefit of their bargain" of the plea agreement reached in this case.

The court held a hearing on the Proposition 47 petition on September 25, 2015. The prosecutor informed the court that the plea bargain was reached on the eve of trial and that the four Penal Code section 496 counts for receiving stolen property were "created to reach a certain number of years" for the prison sentence.  The court questioned whether, if there was a plea bargain where those counts were specifically added to reach a particular number for a sentence, but those offenses were later reduced to misdemeanors, the People would have the option to say that was not their agreement. It further asked whether the People could then withdraw from the bargain and reinstate the original charges.  Defense counsel said no because there was a meeting of the minds,

4

and defendant was still going to be serving the majority of his sentence. The court then asked defense counsel whether the eligibility of the Penal Code section 496 charges to be reduced under Proposition 47 depended on the value of the property involved. Counsel said yes but was unclear on the value of the property. However, the prosecutor did note that the car involved in the accident was a 2004 BMW, and the car stolen from the victim's driveway was a brand new Jeep Cherokee. The court continued the hearing so the parties could determine the value of the vehicles and address the issue of the Penal Code section 667.5, subdivision (b) enhancements.

The court held its next hearing on October 23, 2015. At the outset, the court noted that it had reviewed the supplemental information that was filed concerning the Penal Code section 496 counts, as well as the overall situation involving the plea agreement. Defense counsel argued that Proposition 47 clearly stated that it applied to convictions obtained by plea bargains. He further argued that the Penal Code section 191.5 conviction was not a "prior" conviction, and thereby did not preclude defendant from Proposition 47 relief, since it was charged at the same time as the Penal Code section 496 charges. The court agreed. With regard to the "benefits of the bargain" issue, the court agreed that Proposition 47 would normally apply if the convictions resulted from a plea bargain. However, the court stated that the instant case was a different situation. It noted that defendant was facing much more serious charges (e.g., murder), and he received a substantial benefit from agreeing to plead to lesser charges to receive a lesser sentence. The court further noted that, in order to get to the agreed-upon number of years, the

5

parties added the Penal Code section 496 counts.  It concluded that, "under those circumstances it would be grossly inequitable to allow the defendant to receive the benefits of that bargain and then say, 'And due to the fortuitous circumstance of Prop 47, we're now going to further substantially reduce that.'"  The court cited *In re Handsome* (1977) 72 Cal.App.3d 657 (*Handsome*) and referred to *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*), in support of its position.  The court stated that because the Penal Code section 496 counts were created to reach a specific term, defendant was not entitled to the benefit of Proposition 47.  It therefore denied his petition.  The court also denied defendant's request to strike the Penal Code section 667.5, subdivision (b) prior prison enhancements.

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, and identifying several potential arguable issues:  (1) whether the plain meaning of Penal Code section 1170.18, subdivision (i)'s language is ambiguous or not;  (2) if subdivision (i) is an ambiguous provision, which construction best "harmonizes the statute internally and with related statutes?";  (3) whether Proposition 47 relief extends to convictions sustained pursuant to a plea agreement; and if so, whether the prosecution was entitled to the benefit of a plea bargain that predated Proposition 47; and (4) whether the trial court erred in denying defendant's request to strike his two prison priors because

6

the conduct underlying those convictions was now classified as misdemeanor conduct under Proposition 47.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In a handwritten supplemental brief, defendant makes several claims. First, he argues that the prosecutor committed misconduct at the hearing on September 25, 2015, when he attempted to "sway the court to recognize the $17,000 as unaccounted for restitution" and divide it between the four counts of receiving stolen property. Claims of prosecutorial misconduct are waived unless the defendant makes a timely objection. (*People v. Samayoa* (1997) 15 Cal.4th 795, 841.) Here, defense counsel did not object to the prosecutor's comments regarding the restitution on prosecutorial misconduct grounds. The claim of error was therefore waived. In any event, "[p]rosecutorial misconduct implies the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury. [Citation.] The ultimate question to be decided is, had the prosecutor refrained from the misconduct, is it reasonably probable that a result more favorable to the defendant would have occurred." (*People v. Strickland* (1974) 11 Cal.3d 946, 955.) The prosecutor here was simply trying to aid the court in determining the value of the property taken, so it could decide if counts 7-10 would qualify for relief under Proposition 47 (i.e., if the value amounts were under $950). The record does not indicate any use of deceptive or reprehensible methods that would constitute prosecutorial misconduct. Moreover, the court did not ultimately base its denial of defendant's petition on the valuation of the stolen property in those counts. Thus, there is no reasonable

7

probability that a result more favorable to defendant would have occurred absent the prosecutor's comments.

Next, defendant argues that the prosecutor's reliance on *Collins*, *supra*, 21 Cal.3d 208, in support of his position that defendant was not entitled to relief, was misplaced since *Collins* was "inconsistent" with his case. We disagree. Defendant appears to be claiming that the prosecutor could not cite *Collins* because it was factually distinguishable. In that case, the defendant was originally charged with 15 felony counts, including two counts of forcible rape and three counts of forcible oral copulation. (*Id*. at p. 211.) He entered a plea bargain and pled guilty to one count of oral copulation (Pen. Code, § 288a), in exchange for the allegation of the commission of that crime by force being stricken and the other 14 counts being dismissed. Subsequently, there was a change in law decriminalizing the act upon which the guilty plea was based (non-forcible oral copulation). (*Ibid*.) The trial court sentenced the defendant to state prison. (*Id*. at p. 212.) On appeal, the defendant argued that the court erred in imposing sentence because the conduct which he admitted in pleading guilty was no longer punishable. (*Ibid*.) The appellate court agreed, stating that the sentence could not stand. (*Id*. at p. 213.) However, the court noted that the change in law undermined the plea agreement, thus depriving the state of "the benefits for which it bargained." (*Id*. at p. 216.) Therefore, it "fashion[ed] a remedy that restore[d] to the state the benefits for which it bargained" and allowed the prosecution to reinstate the dismissed counts. (*Ibid*.) The court in the instant case noted that it would be inequitable to allow defendant's sentence

8

to be reduced, in light of the change in law (Proposition 47), and that if it was going to grant the petition, then under *Collins*, it would have to allow the prosecution to reinstate the original charges.

However, the court decided instead to enforce the plea agreement, citing *Handsome*, *supra*, 72 Cal.App.3d 657. In *Handsome*, two petitioners entered plea bargains which called for probation and one year in county jail. They each subsequently filed a request seeking pretrial custody credits. (*Id*. at p. 660.) The court concluded that both petitioners "obtained the benefit of the plea bargains—pleading to less than was charged or alleged and no prison—and cannot demand credit for time served while retaining the other benefits of the plea bargain." (*Ibid*.) In the instant case, the court stated that, under the circumstances of this case where there was an agreement to reach a specified prison term, it would not be fair to allow defendant to receive a benefit from a subsequent change in law, while also getting the benefit of the lesser punishment from the agreement. The court essentially decided on specific performance of the plea agreement, thus giving "both sides the benefit of the bargain." (*People v. Enlow* (1998) 64 Cal.App.4th 850, 854.)

Finally, defendant argues that, in denying his Proposition 47 petition, the court overlooked the mitigating circumstances of all the education and rehabilitation efforts he had made to better himself, since his arrival in state prison. However, there is no requirement for the court to consider such "mitigating circumstances" in determining whether Proposition 47 applies.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST _____
J.

We concur:

RAMIREZ _____
                 P. J.

McKINSTER _____
                 J.